**Alfonso REYES–PERRUSQUIA;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–74165.

Agency Nos. A75–744–870, A75–744–871.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Beth S. Persky, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, BEEZER and KOZINSKI, Circuit Judges.

### MEMORANDUM [**]

Alfonso Reyes–Perrusquia and Olivia Flores Martinez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo due process claims. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that Petitioners failed to demonstrate the requisite "exceptional and extremely unusual hardship." *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005) (whether an alien demonstrated exceptional and extremely unusual hardship is not reviewable under 8 U.S.C. § 1252). We do not consider whether Petitioners established ten years

[**] This disposition is not appropriate for publication and may not be cited to or by the

of continuous physical presence, because their failure to establish the requisite hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir.2003) (noting that an applicant must establish continuous physical presence, good moral character and hardship to qualify for relief).

■ Petitioners also contend that the IJ denied them due process by making sarcastic and disparaging remarks. Petitioners' due process challenge fails because they have not demonstrated that they were prejudiced by the IJ's conduct. *See Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998). Likewise, Petitioners failed to establish prejudice from the BIA's refusal to consider evidence of the increasing incidence and morbidity of asthma when their testimony did not indicate that their son's asthma was severe or would go untreated in Mexico. *Cf. Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 877 (9th Cir.2003) (en banc).

PETITIONER FOR REVIEW DISMISSED in part and DENIED in part.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.